This civilian pay case is before the court on the parties’ cross-motions for summary judgment and was submitted by the parties without oral argument. Plaintiff, a Deputy U.S. Marshal, contests his dismissal on the grounds that the administrative proceedings afforded to him were procedurally defective and that his removal is not supported by substantial evidence. Since we find that plaintiffs removal is amply supported by the evidence and otherwise complies with law, we grant defendant’s motion for summary judgment.
Plaintiff was arrested for the shooting, at or about midnight of June 19, 1973, of an individual identified as Edward Pennington.[1] Following his arrest, Benjamin F. Butler, U.S. Marshal, Eastern District of New York, proposed that plaintiff should be discharged for the following reasons: (1) conduct unbecoming a Deputy United States Marshal and (2) unauthorized discharge of a weapon in a situation where there was a danger that a bullet would strike someone.
In response to this proposal, plaintiff exercised his right of oral reply before Personnel Officer Bert Lederer and *619 further requested a hearing before an impartial hearing examiner. A hearing was conducted on September 13,1973, by Hearing Officer Carl R. Calabrese. Plaintiff testified before Calabrese and contended that his action on that night was justified by the fact that he had good cause to believe Pennington was armed and on the verge of shooting him. Pennington and several other witnesses also appeared and offered their own versions of the shooting incident. Calabrese found that the preponderance of the credible evidence supported the charge that plaintiff had fired at Pennington without justification or good cause and menaced another individual during the occurrence without cause.[2] Based on these findings, Calabrese recommended that there should be no change in the proposal to remove plaintiff from the service for cause.
In ruling on this proposal, Wayne B. Colburn, Director, U.S. Marshals Service, took into consideration plaintiffs oral reply and the findings and recommendation of the hearing examiner. On February 12, 1974, Colburn notified plaintiff of the decision to remove plaintiff from his position as Deputy U.S. Marshal, effective February 22, 1974.
The U.S. Civil Service Commission Federal Employee Appeals Authority (FEAA), New York Field Office, denied plaintiffs appeal on May 6, 1976. The FEAA found that plaintiffs removal conformed to procedural requirements and was supported by a preponderance of the evidence. The United States Civil Service Commission Appeals Review Board (board) affirmed the FEAA decision on April 21, 1977.
Plaintiff argues that his removal was procedurally defective for several reasons. First plaintiff complains that it was improper for Personnel Officer Lederer to conduct the oral reply and that he was deprived of an effective oral reply since Lederer was not familiar with the facts surrounding the case nor made any recommendations to Colburn. Plaintiff mistakenly assumes that the person charged with making the final decision is the only appropriate party to *620 conduct an oral reply. We find no authority to support plaintiffs position. What is required is that the person who hears the answer "shall be persons who have authority either to make a final decision on the proposed adverse action or to recommend what final decision should be made.” 5 C.F.R. § 752.202(b) (1973). Appearing on behalf of Colburn at the reply, Lederer informed the parties that he would decide if the charges against plaintiff should be dropped. Since the proceedings were not suspended, it is apparent that Lederer chose to proceed with the hearings. Moreover, we do not understand plaintiffs reliance on Ricucci v. United States, 192 Ct. Cl. 1, 425 F.2d 1252 (1970). In that opinion, the court discusses the function of the oral reply and points out that a personnel officer may properly conduct it. Finally, the alleged reticence of the hearing officer is not supported by the record. We therefore find no merit in plaintiffs claim that he was denied an effective oral reply.
Plaintiff also complains that his hearing before Calabrese was replete with procedural defects. Plaintiff alleges that his bearing was bereft of an impartial hearing examiner because Calabrese stifled the development of much of the testimony during the hearing. Again the record simply does not sustain plaintiffs allegations. The board correctly found that before Calabrese had an opportunity to rule on the objection challenging plaintiffs right to interrogate Pennington on his criminal background, plaintiffs attorney abandoned this line of questioning. Nor has plaintiff cited any statute or regulation which makes Calabrese’s conduct improper. At the hearing, Calabrese merely sought to clarify some aspects of the medical testimony in order to elucidate the facts; he did not inhibit the physician’s testimony.
We likewise find no merit in plaintiffs other arguments that the hearing was improperly conducted and should have been postponed because of the pending criminal proceedings which arose out of the same incident. Plaintiff was removed for "conduct unbecoming a Deputy United States Marshal” and his later acquittal at a criminal trial does not render the agency’s discipline improper.
*621 Turning to plaintiffs argument that his removal is unsupported by the evidence, we find from our review of the record that there is substantial evidence to support the agency’s findings that Pennington was not the aggressor. We are unable, therefore, to disturb the decision that plaintiffs actions on that night were unbefitting a Deputy U.S. Marshal.
it is therefore ordered that defendant’s motion for summary judgment is granted. Plaintiffs cross-motion for summary judgment is denied, and the petition is dismissed.

 Plaintiff was indicted for attempted murder, of which charge he was subsequently tried before a jury and acquitted.

 Management unilaterally concluded that Reason No. 2 in support of the proposal to remove, "unauthorized discharge of a weapon in a situation where there was a danger that a bullet would strike someone,” could not be supported by the evidence and advised Calabrese to give it no further consideration.