833 F.2d 1022
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Timothy L. GRAY, Petitioner,
v.
DEPARTMENT OF the AIR FORCE, Respondent.
 No. 87-3153
 United States Court of Appeals, Federal Circuit.
 October 2, 1987.
 
 Before FRIEDMAN, PAULINE NEWMAN and ARCHER, Circuit Judges.
 FRIEDMAN, Circuit Judge.
 
 DECISION
 
 1
 The decision of the arbitrator, FMCS No. 85K/22323, affirming the removal of the petitioner by the Air Force, is affirmed.
 
 OPINION
 
 2
 * The Department of the Air Force removed the petitioner from his position as an electronics worker for physical disability. It took this action after requiring the petitioner to submit to a psychiatric fitness-for-duty examination, which indicated the petitioner lacked the requisite emotional stability to continue performing his duties. The petitioner elected to challenge his removal under the grievance and arbitration procedures of the collective bargaining agreement, as the Civil Service Reform Act of 1978, Pub. L. No. 95-454, 92 Stat. 1111, authorized him to do. See Cornelius v. Nutt, 472 U.S. 648, 650 (1985).
 
 
 3
 Following denial of his grievance at lower levels, the petitioner submitted his grievance to an arbitrator who, after a hearing, denied the grievance. The arbitrator held that the agency's determination that the petitioner was physically disabled to perform his job because of emotional instability was supported by a preponderance of the evidence, and that the agency had not abused its discretion in applying the 'governing regulations regarding the separation of an employee . . . for physical/psychological disqualifications from his job . . ..' The arbitrator also found that the Air Force had attempted to find another job that the petitioner could perform despite his disability, but that no such job was available.
 
 II
 
 4
 The sole ground upon which the petitioner challenges his removal is that the agency did not comply with the governing regulation in requiring him to take a fitness-for-duty psychiatric examination. The regulation provides:
 
 
 5
 An agency shall order or offer a psychiatric evaluation to an employee only when the employee first provides results of a general medical or psychiatric examination, or the agency has first conducted a non-psychiatric medical examination, and, after review of the documentation or examination report, the agency's physician concurs that a psychiatric evaluation is warranted for medical reasons.
 
 
 6
 5 C.F.R. Sec. 339.302(e).
 
 
 7
 The government concedes that it did not comply with this regulation, since 'the Air Force did not conduct a medical examination of petitioner' and 'petitioner did not provide the Air Force with the results of a medical or psychiatric examination prior to his referral for the psychiatric fitness-for-duty examination.' It contends, however, that this procedural error was harmless because the petitioner 'failed to establish that the Air Force might have reached a different conclusion had he undergone a medical examination prior to the psychiatric examination.'
 
 
 8
 The requirement in the Civil Service Reform Act that to overturn an agency decision an employee must show 'harmful error in the application of the agency's procedures in arriving at [its] decision,' 5 U.S.C. Sec. 7701(c)(2) (1982), applies 'whether the employee challenges the agency action through the Board or through binding arbitration.' Cornelius v. Nutt, 472 U.S. at 652. The petitioner was required to show before the arbitrator that the procedural error was harmful, i.e., that it could have affected the agency's decision. Smith v. United States Postal Serv., 789 F.2d 1540, 1545 (Fed. Cir. 1986); Mercer v. Department of Health and Human Servs., 772 F.2d 856, 859 (Fed. Cir. 1985). It was insufficient for the petitioner merely to show that the Air Force did not comply with the regulation. Before the arbitrator the petitioner argued only that
 
 
 9
 the Agency had no regulatory right to require the employee to undergo the psychiatric fitness for duty examination and therefore the removal of Mr. Gray, based on the results of this illegally ordered examination, can not and should not be allowed and this employee should be reinstated to his position based on the Agencys [sic] non-compliance with its own governing regulations.
 
 
 10
 The petitioner did not argue before the arbitrator, however, that the error was harmful because, had the Air Force not required him to undergo the psychiatric examination (which it could not properly have done without first requiring him to undergo a medical examination), it probably would not have found him physically disabled and removed him. The petitioner's contentions before the arbitrator that the petitioner's 'problem is Drug and Alcohol abuse' and that 'medical problems . . . could have caused any work related problems' were insufficient to show harmful error.
 
 
 11
 'The court is not required to conjure up reasons why a procedure is harmful [merely] because of a bald allegation of harmfulness alleging different reasons or none . . ..' Monroe v. Department of Treasury, 770 F.2d 1044, 1047 (Fed. Cir. 1985), cert. denied, 106 S. Ct. 1260 (1986) (quoting Cheney v. Department of Justice, 720 F.2d 1280, 1285 (Fed. Cir. 1983)). Under the limited scope of our review of an arbitrator's decision, 5 U.S.C. Sec. 7703(c) (1982), we have no basis for setting aside the arbitrator's decision.