868 F.2d 1277
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Ram K. MAATHUR, Petitioner,
v.
DEPARTMENT OF the ARMY, Respondent.
 No. 88-3469.
 United States Court of Appeals, Federal Circuit.
 Feb. 6, 1989.
 
 NIES, Circuit Judge, COWEN, Senior Circuit Judge, and PAULINE NEWMAN, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 Ram K. Maathur (Maathur) appeals the final decision of the Merit Systems Protection Board (MSPB), Docket No. SF04328810213, sustaining his removal by the Department of the Army (agency) from his position as a chemist. We affirm.
 
 OPINION
 
 2
 The agency removed Maathur due to his failure to achieve the performance standards of both of the critical elements of his position. For administrative economy, the proceedings before the MSPB's administrative judge were limited to critical element No. 2 of his position. The administrative judge sustained the agency's action, holding that Maathur had failed to satisfactorily perform that critical element. The MSPB denied review.
 
 
 3
 Critical element No. 2 was entitled "Conduct chemical analyses and prepare written reports." The performance standard for that critical element provided as follows:
 
 
 4
 There can be no more than one occasion during a 3 month period when it is evident that chemical testing was not properly performed. During any given 3 month period, no more than 1 report will be unsatisfactory and require major revisions.
 
 
 5
 On appeal, Maathur raises four main grounds for reversal: (1) that the performance standard for critical element No. 2 did not comply with statutory requirements; (2) that the performance standard was unreasonable; (3) that he was denied a reasonable opportunity to improve his performance; and (4) that the agency violated one of its regulations.
 
 
 6
 First, Maathur argues that the performance standard for critical element No. 2 did not comply with statutory requirements. He specifically argues that he was unable to obtain the performance standard and that the performance standard could not measure different levels of performance. His argument that he was unable to obtain the performance standard is meritless. The record contains abundant evidence documenting the fact that he was informed of the performance standard, notified that he was failing to achieve it, and afforded an opportunity to improve. Maathur argues that the appraisal system for critical element No. 2 was deficient in that it allegedly failed to provide three rating levels. See 5 C.F.R. Sec. 430.204(e) (1988). Even assuming that he is correct, he has failed to show that he was harmed by that deficiency.
 
 
 7
 Maathur's second argument is that the performance standard for critical element No. 2 was unreasonable. He argues that it was absolute and that it did not inform him of what was necessary to earn a rating of fully successful. We disagree. A standard is absolute only if one mistake will cause the employee to fail to meet it. See Callaway v. Department of the Army, 23 M.S.P.R. 592, 599 (1984). The performance standard for critical element No. 2 allowed Maathur to perform one test improperly, and to complete one unsatisfactory report, each three months. Additionally, the performance standard was sufficiently precise to inform Maathur of what was necessary to attain it. See DePauw v. United States International Trade Comm'n, 782 F.2d 1564, 1565-66 (Fed.Cir.), cert. denied, 479 U.S. 815 (1986); Wilson v. Department of Health and Human Servs., 770 F.2d 1048, 1055 (Fed.Cir.1985). Cf. Eibel v. Department of the Navy, 857 F.2d 1439, 1444 (Fed.Cir.1988).
 
 
 8
 Maathur's third argument is that he was denied a reasonable opportunity to improve his performance by being denied training that he requested. The record establishes, however, that the agency repeatedly offered him the training that he requested. He refused to participate on the frivolous ground that the training was to be provided by a co-worker who occupied a lower pay grade than himself. Although Maathur argues that he should have been given more time to improve, it is unclear how he would have benefited from additional time in view of his persistent refusal to avail himself of remedial training. In any event, we believe that the 90-day performance improvement period provided to petitioner was adequate in this case.
 
 
 9
 Maathur finally argues that the agency violated one of its own procedural regulations by failing to transfer his performance standards from one form to another. Even assuming that this allegation is true, Maathur has failed to explain how it harmed him. A procedural error such as Maathur alleges justifies the reversal of an agency's decision only if the procedural error was harmful. Monroe v. Department of the Treasury, 770 F.2d 1044, 1047 (Fed.Cir.1985), cert. denied, 475 U.S. 1045 (1986); Miguel v. Department of the Army, 727 F.2d 1081, 1084-85 (Fed.Cir.1984). In these circumstances we are unconvinced that the procedural error alleged by Maathur, if committed, was harmful.