**Wayne E. GILMORE, Petitioner,**

v.

**UNITED STATES POSTAL SERVICE, Respondent.**

**No. 04–3067.**

United States Court of Appeals, Federal Circuit.

DECIDED: July 12, 2004.

Rehearing Denied Sept. 7, 2004.

Wayne E. Gilmore, Of Counsel, Anchorage, AK, pro se.

Stephen D. Lobaugh, Principal Attorney, U.S. Postal Service, Donald E. Kinner, Gerald M. Alexander, David M. Cohen, Of Counsel, Department of Justice, Washington, DC, for Respondent.

Before GAJARSA, LINN, and PROST, Circuit Judges.

PER CURIAM.

Wayne E. Gilmore ("Gilmore") appeals the September 26, 2003, final decision of the Merit Systems Protection Board ("Board"), *Gilmore v. United States Postal Serv.*, No. SE–0752–01–0278–I–1, 95 M.S.P.R. 294 (MSPB 2003), Sept. 26, 2003, denying Gilmore's petition for review of the Board's July 8, 2002, initial decision, dismissing Gilmore's appeal of his removal by the United States Postal Service ("USPS") for sexually harassing a coworker. In its final decision, the Board ruled that Gilmore had failed to present significant new evidence and that, in the initial decision, the administrative judge had made no harmful error in law. Because the Board properly determined that the USPS removed Gilmore without harmful procedural error, we *affirm*.

## BACKGROUND

The USPS alleged that Gilmore had sexually harassed Trina Barnes, a casual clerk who worked on his shift. Barnes confirmed the agency's allegations, while Gilmore denied all such conduct. No one else observed any of the alleged instances of sexual harassment. The administrative judge's determination of the facts therefore rested entirely on his assessment of Barnes's and Gilmore's relative credibility.

The administrative judge found that Barnes was more credible than Gilmore, and concluded that Gilmore had sexually harassed Trina Barnes on three occasions. First, in December 2000, Gilmore told Ms.

Barnes that he took the drug Viagra and could perform sexually "all night long if need be." He also made comments to Ms. Barnes about her body and performed nonverbal acts such as winking at her, licking his lips and "undress[ing] her with [his] eyes." Second, in January 2001, Gilmore commented to Ms. Barnes, "You [are] looking mighty good in those jeans" and asked, "Are you still happily married? If you're not, I'm still taking Viagra and I can help you with your problems." Third, in February 2001, Gilmore "grabbed" Ms. Barnes's buttocks, and after she objected by saying "Excuse me?" he stated "it looked so soft I just wanted to see if it was as soft as it looked."

The administrative judge confronted three main issues. First, as described above, the administrative judge resolved the factual dispute by finding that Barnes was more credible than Gilmore. Second, the administrative judge rejected Gilmore's contention that the USPS committed harmful procedural error. Third, the administrative judge decided that there was a nexus between Gilmore's removal and the efficiency of the USPS and that the penalty of removal meted out to Gilmore was "within tolerable limits of reasonableness." *See Douglas v. Veterans Administration*, 5 MSPB 313, 5 M.S.P.R. 280, 302 (1981).

In resolving the facts, the administrative judge decided that Barnes was more credible than Gilmore, after he considered the factors set forth in *Hillen:* "(1) The witness's opportunity and capacity to observe the event or act in question; (2) the witness's character; (3) any prior inconsistent statement by the witness; (4) a witness's bias, or lack of bias; (5) the contradiction of the witness's version of events by other evidence or its consistency with other evidence; (6) the inherent improbability of the witness's version of events; and (7) the

witness's demeanor." *Hillen v. Department of the Army*, 35 M.S.P.R. 453, 458 (1987). The administrative judge did not detect bias in Barnes's testimony, particularly considering that she had not filed a complaint and had not personally initiated an investigation against Gilmore. Furthermore, her testimony at the Board hearing was consistent with the written statement she had provided to the USPS. Gilmore's brief answers during his interview with USPS management, on the other hand, showed "a strangely low level of interest." In Gilmore's hearing before the Board, the administrative judge noted how Gilmore implausibly tried "to create an explanation for why his use of Viagra was known in the workplace."

The administrative judge rejected Gilmore's allegation that the USPS committed harmful procedural errors during his removal. Harmful procedural error is "error by the agency in the application of its procedures that is likely to have caused the agency to reach a conclusion different from the one which it would have in the absence or cure of the error." 5 C.F.R. § 1201.56(c)(3) (2004). If an appellant establishes that the agency committed a harmful procedural error, the agency's decision cannot be sustained by the Board. *See* 5 U.S.C. § 7701(c)(2)(A) (2004). First, Gilmore contended that Jonathan Weaver, the USPS deciding official, considered allegations made by another female employee, Rose Arledge, against Gilmore, even though the USPS had not brought charges against Gilmore involving Arledge. Even if there were error, the administrative judge decided that Gilmore had failed to show that it was harmful. Because Weaver, the USPS deciding official, did not rely on Arledge's allegations against Gilmore in his penalty determination, Gilmore could not show that the USPS would have reached a different conclusion if Arledge had not provided her statement. Second,

Gilmore alleged that the USPS failed to provide him with a representative, that the USPS in its investigation showed bias against him and committed harmful procedural error, and that his due process rights were violated since the USPS's investigative interview with Gilmore was "accusatory." The administrative judge determined that none of these issues, even if true, involved a "denial of procedural rights granted to [Gilmore] by statute, regulation, or collective bargaining agreement."

After establishing a factual basis for the charge of sexual harassment, the administrative judge briefly stated that there is a clear nexus between the efficiency of the agency's service and the sexual harassment of a coworker. The administrative judge then decided that the penalty of removal was within "tolerable limits of reasonableness," *Douglas,* 5 MSPB 313, 5 M.S.P.R. at 302, in light of the "repeated nature of appellant's conduct, the fact that his conduct included physical contact, and the zero tolerance policy" regarding sexual harassment that Weaver, the USPS deciding official, had followed.

The Board denied Gilmore's petition for review of its July 9, 2002, initial decision. Gilmore timely appealed the Board's September 26, 2003, final decision. We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

## DISCUSSION

■ We must affirm the Board's decision unless we find it to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; obtained without procedures required by law, rule, or regulation having been followed; or not supported by substantial evidence. *See* 5 U.S.C. § 7703(c) (2004); *Kewley v. Dep't of Health & Human Servs.,* 153 F.3d 1357, 1361 (Fed.Cir.1998). Although Gilmore

claims that the USPS did not prove the charge against him by a preponderance of the evidence, Gilmore has not shown that the administrative judge's factual determination that Gilmore sexually harassed Barnes satisfies any of the conditions required by our limited scope of review to reverse the Board's decision. 5 U.S.C. § 7703(c).

Gilmore contends that the Board's decision was incorrect in four main areas. First, Gilmore argues that the administrative judge made a mistake in determining the facts. Second, Gilmore claims that there is no nexus between sexual harassment and the efficiency of agency service if the alleged victim of the harassment is no longer an employee. Third, Gilmore argues that the penalty approved by the Board was inappropriate. Fourth, Gilmore alleges that the administrative judge made several other procedural errors.

■ Gilmore argues that the Board should not have determined the facts based on credibility questions. However, since there was conflicting testimony between Barnes and Gilmore and no one else witnessed the alleged incidents of sexual harassment, the administrative judge had to evaluate the credibility of Barnes and Gilmore. *See Griessenauer v. Department of Energy,* 754 F.2d 361, 364 (Fed.Cir. 1985) ("The determination of the credibility of the witnesses is within the discretion of the presiding official who heard their testimony and saw their demeanor"). Gilmore then claims that the administrative judge should have credited his testimony instead of Barnes's, because Barnes "lied on the stand," was an "extremely hesitant witness," and was "coerced . . . [with] promises of jobs and money." But the administrative judge's credibility determination is "virtually unreviewable." *Hambsch v. Dep't of the Treasury,* 796 F.2d 430, 436 (Fed.Cir.1986).

Gilmore next contends that the administrative judge should have considered the testimony of other co-workers. Yet, because Gilmore did not provide the Court with a transcript, he may not "rely on any part of the record of the hearing" on appeal. *Gonzales v. Def. Logistics Agency,* 772 F.2d 887, 891 (Fed.Cir.1985); Fed. R.App. P. 10(b). According to Gilmore, the Board should have recognized the generally ribald context in his workplace, but he presented no evidence to show that this aspect of the administrative judge's decision was an abuse of discretion.

Gilmore argues that there is no nexus between the efficiency of the service and sexual harassment, since Barnes left the USPS. However, "nexus is presumed in cases where the employee's misconduct is so egregious that it speaks for itself. This presumption is bolstered in cases where the agency can prove the employee engaged in sexual harassment." *King v. Frazier,* 77 F.3d 1361, 1364 (Fed.Cir.1996).

This Court "may act to set aside a sanction only if it is found to be so harsh or disproportionate so as to constitute an abuse of discretion," *Graybill v. U.S. Postal Service,* 782 F.2d 1567, 1574 (Fed.Cir. 1986), and as the administrative judge noted, "sexual harassment involving even a single incident of physical contact may properly support a removal action," *see, e.g., Payne v. U.S. Postal Service,* 74 M.S.P.R. 419 (1997), *aff'd,* 135 F.3d 776 (Fed.Cir.1998).

Gilmore has therefore failed to meet his burden of showing that either the USPS or the Board committed harmful procedural error. *See Monroe v. Dep't of the Treasury,* 770 F.2d 1044, 1047 (Fed.Cir.1985) (burden is on appellant to "show that the absence or cure of the error 'might have caused the agency to reach a conclusion different than the one reached'"); 5

C.F.R. § 1201.56(c)(3) (2004); 5 U.S.C. § 7701(c)(2)(A) (2004).

## CONCLUSION

Because the Board's conclusion that removal was warranted given its factual determination that Gilmore sexually harassed Barnes, we affirm.