# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

PAMALA STAMPS,
      Appellant,

    v.

DEPARTMENT OF VETERANS
  AFFAIRS,
      Agency.

DOCKET NUMBER
AT-0714-20-0011-I-1

DATE: September 30, 2024

# THIS ORDER IS NONPRECEDENTIAL[1]

<u>Pamala Stamps</u>, Atlanta, Georgia, pro se.

<u>W. Robert Boulware</u>, Esquire, Montgomery, Alabama, for the agency.

<u>Glynneisha Bellamy</u>, Decatur, Georgia, for the agency.

## BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner recused himself and
did not participate in the adjudication of this appeal.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## REMAND ORDER

The appellant has filed a petition for review of the initial decision, which sustained her demotion under 38 U.S.C. § 714. For the reasons discussed below, we GRANT the appellant's petition for review, REVERSE the administrative judge's finding sustaining the misuse of a Government travel card charge and his finding that the appellant did not establish contributing factor for her whistleblower reprisal claim based on her Office of Special Counsel (OSC) complaint, AFFIRM the administrative judge's denials of the appellant's other affirmative defenses, and REMAND the case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.

## BACKGROUND

The appellant was employed by the agency as a Supervisory Vocational Rehabilitation Counselor, GS-13, in Atlanta, Georgia. Initial Appeal File (IAF), Tab 5 at 79. Following complaints about the appellant's conduct in February 2018, the agency convened a fact-finding panel that substantiated some of the allegations against her. *Id.* at 27-41. Thereafter, on August 2, 2018, the agency proposed the appellant's demotion and, after the appellant replied, issued a decision demoting her to a GS-12 Vocational Rehabilitation Counselor effective September 29, 2019, under the authority of 38 U.S.C. § 714. *Id.* at 9-26. The agency action was based on two specifications of conduct unbecoming, one specification of misuse of a Government travel card, and one specification of failure to follow instructions.[2] *Id.* at 9-12. The two specifications under the conduct unbecoming charge originated from matters identified in the February 2018 investigation, the sole specification under the misuse of a Government travel card charge was based on a March 29, 2017 incident in which the appellant

---

[2] The agency's proposal notice identified three specifications supporting the conduct unbecoming charge and an additional charge of lack of candor. IAF, Tab 5 at 23-24. However, the deciding official did not sustain either the additional specification or charge. *Id.* at 9-10. Accordingly, the Board will not consider them.

used her Government travel card to purchase a meal for a subordinate employee while on official travel, and the sole specification under the failure to follow instructions charge was based on the appellant's failure to schedule meetings as instructed in June 2018. *Id.* at 9-12, 23-24.

The appellant appealed the demotion action to the Board, arguing that the charges were not supported by substantial evidence, that the fact-finding investigation related to the conduct unbecoming charge was flawed, that the agency violated her due process rights when it failed to provide her with the full fact-finding report, and that the penalty was excessive. IAF, Tab 1 at 6, Tab 18 at 4-5, 8-9. She also claimed that her demotion was the result of discrimination on the basis of her sex, race, and religion, and in reprisal for her prior equal employment opportunity (EEO) activity, protected whistleblowing activity, and filing an Office of Workers' Compensation Programs (OWCP) complaint. IAF, Tab 1 at 6, Tab 18 at 5-9.

After holding the requested hearing, IAF, Tab 1 at 2, Tab 24-10, Hearing Transcript (HT), the administrative judge issued an initial decision finding that the agency proved the misuse of a Government travel card charge by substantial evidence, IAF, Tab 26, Initial Decision (ID) at 2-4. However, he did not consider whether the agency proved the conduct unbecoming or failure to follow instructions charges. ID at 4. He also considered the appellant's affirmative defenses and concluded that she failed to prove a due process violation, that her demotion was the result of discrimination based on sex, race, or religion, or that it was in reprisal for prior EEO activity, protected whistleblowing activity, or filing an OWCP complaint. ID at 4-11. Additionally, because he concluded that he could not mitigate the agency's chosen penalty under 38 U.S.C. § 714(d)(2)(B), he sustained the appellant's demotion. ID at 11-12.

The appellant has filed a petition for review wherein she argues, among other things, that the administrative judge was barred from considering the misuse of a Government travel card charge because its alleged underlying conduct

predated the effective date of 38 U.S.C. § 714. Petition for Review (PFR) File, Tab 5 at 6-7. She continues to assert that the underlying fact-finding investigation was retaliatory and biased, and that the penalty of demotion was unreasonable. *Id.* at 7-8, 14-17, 19. She also reasserts all of her affirmative defenses. *Id.* at 9, 12-13, 18, 20, 24-25. She submits with her petition for review hundreds of pages of documents, as well as what appear to be undated, personal audio recordings. *Id.* at 29-116; PFR File, Tabs 6-17, 23. The agency has filed a response to the appellant's petition for review. PFR File, Tab 18.

## DISCUSSION OF ARGUMENTS ON REVIEW

<u>The misuse of a Government travel card charge cannot be sustained under 38 U.S.C. § 714, and the administrative judge must consider the remaining charges on remand.</u>

The Department of Veterans Affairs Accountability and Whistleblower Protection Act of 2017, Pub. L. No. 115-41, 131 Stat. 862 (VA Accountability Act), was signed into law on June 23, 2017. *Sayers v. Department of Veterans Affairs*, 954 F.3d 1370, 1374 (Fed. Cir. 2020). Section 202 amended Title 38 of the United States Code by creating section 714, which provided the agency with an "expedited, less rigorous" process for removing, demoting, or suspending its employees for inadequate performance or misconduct. *Id.* at 1374. Among other things, section 714 created an expedited Board review process, lowered the agency's burden of proof at the Board from a preponderance of the evidence to substantial evidence, and stripped the Board of its authority to mitigate the agency-imposed penalty. *Id.* at 1372 n.1.

Dr. Sayers was a pharmacist who was removed, effective November 7, 2017, pursuant to 38 U.S.C. § 714, based on misconduct that entirely preceded the effective date of the VA Accountability Act. *Id.* at 1373. He filed a Board appeal challenging his removal, but the administrative judge sustained the charges and upheld the removal. *Id.* On appeal to the U.S. Court of Appeals for the Federal Circuit (Federal Circuit), Dr. Sayers argued that the Board erred in

upholding his removal under section 714 because his alleged misconduct took place before its enactment. *Id*. at 1374. The court agreed with Dr. Sayers. *Id*.

In pertinent part, the court noted that section 714 was silent on the question of retroactivity and the VA Accountability Act did not include any indication that the intent of the statute was for section 714 to be applied retroactively. *Id*. at 1380. The court held that, "[i]f the statute attaches new legal consequences to events before its enactment (and is otherwise silent about its retroactivity), the statute must not apply to those prior events." *Id*. By requiring the Board to apply the substantial evidence standard in reviewing the removal decision (instead of the preponderant evidence standard) and by preventing any mitigation of a penalty that substantial evidence supports, the court concluded that "[section] 714 affects employees' substantive rights to relief from improper removal" and "unquestionably diminish[es] Dr. Sayers's property right in continued employment." *Id*. at 1380-81. The court therefore concluded that section 714 could not be applied retroactively. *Id*. at 1372-73, 1382. Because all of Dr. Sayers's alleged conduct took place before its enactment, the court vacated the removal and remanded the appeal to the Board for further proceedings. *Id*.

Here, as noted, the charged misconduct alleged by the agency and sustained by the administrative judge is that the appellant misused her Government travel card on March 29, 2017. IAF, Tab 5 at 24. Thus, like in *Sayers*, the charged misconduct predated the June 23, 2017 effective date of the VA Accountability Act.[3] Accordingly, the court's analysis of the retroactivity issue in *Sayers* is dispositive on this charge. We therefore find that this charge cannot be sustained, and we reverse the administrative judge's finding in that regard.

---

[3] The record reflects that the agency did not propose the appellant's demotion until after the effective date of 38 U.S.C. § 714. IAF, Tab 5 at 23. The Federal Circuit addressed this same scenario in *Sayers*, noting that the fact that the agency did not propose Dr. Sayers's removal until after the passage of 38 U.S.C. § 714 did not eliminate "the impermissible retroactive effect on [his] substantive employment rights." *Sayers*, 954 F.3d at 1381.

As also noted above, however, the administrative judge did not consider either of the conduct unbecoming or the failure to follow instructions charges. ID at 4. For at least one of the specifications under the conduct unbecoming charge, the underlying conduct is alleged to have occurred on February 14, 2018.[4] IAF, Tab 5 at 23. The underlying conduct at issue in the failure to follow instructions charge is alleged to have occurred after June 20, 2018. *Id.* at 24. Therefore, the VA Accountability Act's lack of retroactive effective does not bar agency action based on these charges. Moreover, the Board has held that an administrative judge must identify all issues of fact and law, summarize the evidence, resolve issues of credibility, and include his conclusions of law and legal reasoning in an initial decision. *See Spithaler v. Office of Personnel Management*, 1 M.S.P.R. 587, 589 (1980). Because the initial decision lacks discussion and analysis of these remaining charges, we remand this appeal to the administrative judge with instruction to fully consider the conduct unbecoming and failure to follow instructions charges. *See Shibuya v. Department of Agriculture*, 119 M.S.P.R. 537, ¶ 37 (2013) (finding that when the relevant evidence needs to be reweighed, the administrative judge is in the best position to do so because he is the one who heard the live testimony and made credibility determinations); *Anderson v. Department of Veterans Affairs*, 113 M.S.P.R. 522, ¶ 8 (2010) (finding that the administrative judge, who heard the testimony and observed the demeanor of the witnesses, is in the best position to make credibility determinations).

<u>We agree with the administrative judge that the appellant failed to establish her due process, discrimination, and EEO and OWCP reprisal claims but remand her whistleblower reprisal claim for further analysis.</u>

Although the administrative judge erred in sustaining the misuse of a Government travel card charge in light of the Federal Circuit's decision in *Sayers*

---

[4] Based on our review of the record, it is unclear when the purported misconduct that formed the basis of the third specification of the conduct unbecoming charge occurred. IAF, Tab 5 at 23-24.

and a remand is necessary for him to issue a new initial decision addressing the remaining charges that he did not address in the initial decision, we discern no basis not to address his findings regarding the appellant's affirmative defenses. We thus find that the administrative judge correctly determined that the appellant failed to prove that she was denied due process,[5] establish her discrimination and EEO reprisal claims,[6] or prove that her demotion was in reprisal for filing an OWCP claim.[7]  However, as explained below, we conclude that the appellant

---

[5] The appellant argues, for the first time on review, that the agency improperly replaced the deciding official after she gave her oral reply to the official named in the proposal notice.  PFR File, Tab 5 at 11.  The Board will not consider an argument raised for the first time on review absent a showing of new and material evidence not previously available despite the party's due diligence.  *Clay v. Department of the Army*, 123 M.S.P.R. 245, ¶ 6 (2016).  Because the appellant, who was represented by counsel below, failed to raise this argument below, we have not considered it here.  *See Valenzuela v. Department of the Army*, 107 M.S.P.R. 549, ¶ 7 (2007) (declining to hear a due process argument raised for the first time on review).  Nonetheless, we are aware of no prohibition rooted in due process principles of an agency's decision to substitute a deciding official when the ultimate deciding official considers the appellant's reply to the proposal notice and there is no evidence that the original deciding official would have arrived at a more favorable conclusion.  *See generally Monroe v. Department of the Treasury*, 20 M.S.P.R. 620, 620-21 (1984) (concluding that an appellant failed to show harmful error in the agency's decision to change the deciding official after the appellant made his oral reply because the new deciding official considered a summary of the oral reply and the appellant's written reply, and because the appellant presented nothing to suggest that the original deciding official would not have disciplined the appellant), *aff'd*, 770 F.2d 1044 (Fed. Cir. 1985).  Here, the record establishes that the ultimate deciding official considered the appellant's reply, and there is no evidence that the original deciding official would have imposed a penalty less than a demotion.  IAF, Tab 5 at 9.

[6] Because the administrative judge correctly found that the appellant did not show that Title VII discrimination or EEO reprisal were motivating factors in her demotion, we need not determine whether they constituted but-for causes of her demotion—what the appellant would have had to prove to obtain full relief for those claims.  *Pridgen v. Office of Management and Budget*, 2022 MSPB 31, ¶¶ 22, 30; ID at 8-9; *see Haas v. Department of Homeland Security*, 2022 MSPB 36, ¶ 32 ("Because we agree with the administrative judge that the appellant failed to meet the lesser burden of proving his protected activity was a motivating factor in his removal, he necessarily failed to meet the more stringent 'but-for' standard that applies to the appellant's retaliation claim.").

[7] The appellant's attempt on review to explain her failure to meet her burden on her OWCP reprisal claim by laying blame on her prior representative is unpersuasive.  The

established a prima face case of whistleblower reprisal that should be considered on remand.

In an adverse action appeal such as this, an appellant's claim of whistleblower reprisal is treated as an affirmative defense. *See Ayers v. Department of the Army*, 123 M.S.P.R. 11, ¶ 12 (2015). Once the agency proves its adverse action case, an appellant must show, by preponderant evidence, that she made a protected disclosure pursuant to 5 U.S.C. § 2302(b)(8) or engaged in protected activity as described under 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D), and that the disclosure or activity was a contributing factor in the personnel action(s). *Id.*; *see also Alarid v. Department of the Army*, 122 M.S.P.R. 600, ¶ 12 (2015). If an appellant meets her burden, then the Board shall order corrective action unless the agency shows by clear and convincing evidence that it would have taken the same personnel action in the absence of the whistleblowing disclosure and/or protected activity. *See Ayers*, 123 M.S.P.R. 11, ¶¶ 12, 27.

At the hearing, the appellant testified that in early 2018, she informed her supervisor, who was also the proposing official in her demotion, that she (her supervisor) had included false information in the appellant's annual performance review, which was completed in late 2017. HT at 99-101. She also testified that she filed a whistleblower complaint with OSC regarding the same allegation in early 2018. *Id.*; IAF, Tab 18 at 288, 291. In the initial decision, the

---

Board has consistently held that an appellant is responsible for the action or inaction of her chosen representative. *See Smith v. U.S. Postal Service*, 111 M.S.P.R. 341, ¶ 9 (2009); *Sofio v. Internal Revenue Service*, 7 M.S.P.R. 667, 670 (1981). Regarding her attempt to submit evidence of her OWCP claim on review, under 5 C.F.R. § 1201.115, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record closed before the administrative judge despite the party's due diligence. *See Avansino v. U.S. Postal Service*, 3 M.S.P.R. 211, 213-14 (1980). Here, the appellant's documentation is dated September 9, 2019, and February 10, 2020. PFR File, Tab 15 at 16-17. The record closed at the conclusion of the hearing on March 11, 2020. IAF, Tab 19 at 7; HT at 130; ID at 1. Therefore, both of the documents submitted for the first time on review were available before the record closed, and the appellant has not explained why she was unable to submit them below. Therefore, we have not considered them.

administrative judge found that the appellant's complaint to her supervisor concerning her performance review did not constitute a protected disclosure under the whistleblower protection statutes because whistleblower protection does not extend to an employee's personal grievances about her job or to policy disagreements with supervisors over how work should be performed. ID at 9-10 (citing 5 U.S.C. § 2302(a)(2)(D); *Langer v. Department of the Treasury*, 265 F.3d 1259, 1267 (Fed. Cir. 2001)).

The appellant has not challenged this finding on review, and, although we agree with the administrative judge's ultimate conclusion that the appellant failed to prove that she made a protected disclosure, we clarify that the appellant's disclosure does not appear to constitute a policy disagreement or a personal grievance with her job; rather, it includes an allegation that her supervisor violated the law by falsifying an official document, the appellant's annual performance appraisal. IAF, Tab 18 at 6. Nonetheless, to constitute a protected disclosure, an appellant must prove that such a disclosure includes the disclosure of information which the employee <u>reasonably believes</u> evidences, among other things, a violation of any law, rule, or regulation. 5 U.S.C. § 2302(b)(8)(B); *Ayers*, 123 M.S.P.R. 11, ¶ 13. The test of a reasonable belief is whether a disinterested observer with knowledge of the essential facts known to and readily ascertainable by the employee could reasonably conclude that the actions evidenced one of the types of wrongdoing listed above. *Ayers*, 123 M.S.P.R. 11, ¶ 13. Here, the appellant has failed to provide any additional detail surrounding this alleged disclosure, such as precisely what was included in her performance review, why it was objectively false, and how it constituted falsification of an official document.[8] IAF, Tab 18; HT at 21-29, 97-124. Therefore, we find that

---

[8] The record includes the appellant's OSC complaint, wherein she provides some greater detail regarding this alleged disclosure. IAF, Tab 18 at 291-92. There, she claims that her supervisor indicated in a performance appraisal that there were "challenges with employee communication," but she argues in the complaint that there were "no known measurement[s] on how the rater defined the [] challenges with employee

she failed to prove that a reasonable person with knowledge of the essential facts could reasonably conclude that her supervisor's actions violated a law, rule, or regulation. Accordingly, we agree with the administrative judge that the appellant failed to prove by preponderant evidence that she made a protected disclosure.

Regarding the appellant's OSC complaint, the administrative judge found that the OSC complaint constituted protected activity under 5 U.S.C. § 2302(b)(9). ID at 10. We agree. Under the broadly worded provision of 5 U.S.C. § 2302(b)(9)(C), disclosing information to OSC is protected regardless of its content, as long as such disclosures are made "in accordance with applicable provisions of law." *Fisher v. Department of the Interior*, 2023 MSPB 11, ¶ 8. In considering whether the protected activity was a contributing factor in the appellant's demotion, the administrative judge applied the knowledge/timing test. ID at 10. Under this test, an employee may show that the protected activity was a contributing factor in a personnel action through circumstantial evidence, such as evidence that the official who took the personnel action knew of the disclosure and that the personnel action occurred within a period of time such that a reasonable person could conclude that the disclosure was a contributing factor in the personnel action. *Hamilton v. Department of Veterans Affairs*, 115 M.S.P.R. 673, ¶ 25 (2011).

In discussing the knowledge prong of this test, the administrative judge considered whether the agency officials responsible for the appellant's demotion had either actual or constructive knowledge of the OSC complaint. ID at 10. He found that there was no evidence that any management official involved in the appellant's demotion was aware of the appellant's OSC complaint, and that the appellant's whistleblower reprisal affirmative defense must fail. ID at 10-11. On

---

communication." *Id.* at 291. This additional context, however, does not change our conclusion that the appellant failed to provide any detail as to why the performance review was objectively false or how it constituted falsification of an official document.

review, the appellant points to the deciding official's hearing testimony, wherein she stated that she was aware that the demotion action was "on hold due to a whistleblower allegation." PFR File, Tab 5 at 12. We have reviewed the deciding official's hearing testimony, and we agree with the appellant that the testimony reflects some degree of knowledge of the OSC complaint prior to the issuance of the decision to effect the demotion. HT at 79, 83-86. Further, the deciding official's testimony suggests that she became aware of the appellant's OSC complaint sometime between when the proposal notice was issued and when she issued the final decision, which was a period of approximately 13 months. *Id.*; IAF, Tab 5 at 9, 23. The Board has stated that a personnel action that occurs within 1 to 2 years of the protected whistleblowing activity satisfies the timing portion of the knowledge/timing test. *See Mastrullo v. Department of Labor*, 123 M.S.P.R. 110, ¶ 21 (2015). Accordingly, we find that the appellant established that her OSC complaint was a contributing factor in her demotion, and that she, therefore, established a prima facie case of whistleblower reprisal.

However, as indicated above, a prima facie case of whistleblower reprisal is not the end of the inquiry, as the burden of persuasion then shifts to the agency to show by clear and convincing evidence that it would have taken the same personnel action in the absence of any protected activity. *See Ayers*, 123 M.S.P.R. 11, ¶ 27. Below, the administrative judge did not consider this part of the analysis because he did not find that the appellant made a prima facie case of whistleblower reprisal. However, in light of our finding here to the contrary, he should consider whether the agency established by clear and convincing evidence that it would have demoted the appellant in the absence of her OSC complaint. In making that determination, he should consider the following factors: the strength of the agency's evidence in support of its action; the existence and strength of any motive to retaliate on the part of the agency officials who were involved in the decision; and any evidence that the agency takes similar actions against employees who are not whistleblowers but who are

otherwise similarly situated. *Id.*; *see Carr v. Social Security Administration*, 185 F.3d 1318, 1323 (Fed. Cir. 1999).

On remand, if the administrative judge concludes that the agency proved either of the remaining charges by substantial evidence, further adjudication is required in accordance with developments in the law since the initial decision.

In her decision notice, the deciding official applied the substantial evidence standard to her review of the demotion action. IAF, Tab 5 at 9. After the issuance of the initial decision in this matter, the Federal Circuit found in *Rodriguez v. Department of Veterans Affairs*, 8 F.4th 1290, 1296-1301 (Fed. Cir. 2021), that the agency erred by applying the substantial evidence standard to its internal review of a disciplinary action taken under 38 U.S.C. § 714. The court found that substantial evidence is the standard of review to be applied by the Board, not the agency, and that the agency's deciding official must apply the preponderance of the evidence burden of proof in determining whether the appellant's performance or misconduct warrants the action at issue. *Id.* at 1298-1301. The Federal Circuit's decision in *Rodriguez* applies to all pending cases, regardless of when the events at issue took place. *Semenov v. Department of Veterans Affairs*, 2023 MSPB 16, ¶ 22. Thus, on remand, if the administrative judge concludes that the agency proved either of the remaining charges by substantial evidence, he must determine whether the agency's application of the substantial evidence standard constituted harmful error. *See id.*, ¶ 23 (finding it appropriate to apply the harmful error standard from 5 U.S.C. § 7701(c)(2) to actions taken under 38 U.S.C. § 714).

The remand of this appeal may also reach the issue of penalty. As noted above, the administrative judge did not consider whether the penalty of demotion in this case was reasonable because he found that 38 U.S.C. § 714(d)(2)(B) prohibits an administrative judge from mitigating the agency-selected penalty. ID at 4, 12. The appellant dedicates a significant portion of her petition for review to arguing that the penalty of demotion was not reasonable. PFR File, Tab 5

at 7-8, 21, 24. We have not considered the substance of the appellant's arguments here because none of the charges, at this point, have been properly sustained by the Board. However, in *Sayers*, 954 F.3d at 1375-79, our reviewing court found that the Board's review authority or scope of review in cases arising under 38 U.S.C. § 714 encompasses the penalty. The court held, "[section] 714 requires the Board to review for substantial evidence the entirety of the [agency's] removal decision—including the penalty—rather than merely confirming that the record contains substantial evidence that the alleged conduct leading to the adverse action actually occurred." *Id.* at 1379.

Further, in *Connor v. Department of Veterans Affairs*, 8 F.4th 1319, 1325-26 (Fed. Cir. 2021), which also was issued subsequent to the initial decision, the Federal Circuit found that the Board must consider and apply the factors set forth in *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981), in its review of an agency's penalty selection under an action taken pursuant to section 714. The Federal Circuit found that, although section 714 precludes the Board from mitigating the agency's chosen penalty, "[i]t does not alter the penalty review with respect to the *Douglas* factors," and that "if the Board determines that the [agency] failed to consider the *Douglas* factors or that the chosen penalty is unreasonable, the Board must remand to the [agency] for a redetermination of the penalty." *Connor*, 8 F.4th at 1326.

Because the administrative judge did not address the *Douglas* factors, and it is unclear from the record to what extent, if any, the deciding official considered them, those issues must be addressed on remand if the administrative judge first sustains either of the remaining charges and then determines that the agency's application of the substantial evidence standard was not harmful error. When, as here, the Board does not sustain all the charges, it will carefully consider whether the sustained charges merit the penalty imposed by the agency. *Moncada v. Executive Office of the President, Office of Administration*, 2022 MSPB 25, ¶ 39. Thus, if the administrative judge reaches the issue of the

penalty,[9] he should determine whether the agency proved by substantial evidence that it properly applied the *Douglas* factors and that the sustained charges merited demotion and, if not, he should remand the appellant's demotion to the agency for a new decision on the appropriate penalty. The administrative judge should adjudicate the appellant's whistleblower reprisal affirmative defense after all other issues.[10]

---

[9] To the extent that documents submitted with the appellant's petition for review concern the penalty of demotion, PFR File, Tab 5 at 10, the Board generally will not consider evidence submitted for the first time with a petition for review absent a showing that it was unavailable before the record closed before the administrative judge despite the party's due diligence. *See Avansino*, 3 M.S.P.R. at 213-14. Here, it appears that all of the documents submitted with the appellant's petition for review and supplement to her petition for review, including any relating to the penalty of demotion, predate the close of the record below and are, therefore, not new. However, the administrative judge informed the appellant below prior to the close of record that he could not mitigate the penalty. IAF, Tab 19 at 2. Thus, the appellant presumably was not aware that she could submit evidence concerning the penalty below. As such, in light of *Sayers*, the administrative judge may consider these documents, as appropriate, on remand.

[10] If the penalty is remanded to the agency, the agency should be mindful of its obligations to provide the appellant with the necessary due process. *See Brenner v. Department of Veterans Affairs*, 990 F.3d 1313, 1324 (observing that the VA Accountability Act maintains due process protections for employees) (Fed. Cir. 2021); *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011); *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1375-77 (Fed. Cir. 1999). Further, if remanding the penalty, the administrative judge should consider dismissing the appeal without prejudice during the remand period and addressing the whistleblower reprisal affirmative defense upon refiling. We observe that evidence regarding the penalty may be relevant to one or more of the *Carr* factors.

**ORDER**

For the reasons discussed above, we remand this case to the Atlanta Regional Office for further adjudication in accordance with this Remand Order.[11]

*Gina K. Grippando*

FOR THE BOARD:                    _____
                                 Gina K. Grippando
                                 Clerk of the Board

Washington, D.C.

---

[11] Although the appellant makes several arguments in her petition for review regarding procedural concerns surrounding the hearing, we find no merit to those claims. For example, the appellant argues in her petition for review that she was denied the right to "effectively testify" at the hearing. PFR File, Tab 5 at 19. It is undisputed, however, that the appellant testified at the hearing, and the Board has long held that an administrative judge has wide discretion to control the proceedings in front of him, including authority to exclude testimony he believes would be irrelevant or immaterial. *See McCauley v. Department of the Interior*, 116 M.S.P.R. 484, ¶ 8 (2011). Moreover, the appellant has not explained on review in what ways her testimony was limited, nor has she set forth in her petition for review what testimony she would have otherwise provided that was prohibited and would have affected the outcome of her case. She also argues on review that the administrative judge improperly permitted the agency's labor relations specialist to be present at the hearing. PFR File, Tab 5 at 19, 27. However, she has not explained how this constitutes error or how it affected the outcome of her appeal. Nevertheless, the administrative judge shall provide the parties with an opportunity to present evidence and argument addressing the issues on remand. He shall hold a hearing limited to the issues on remand if one is requested by the appellant. 5 U.S.C. § 7701(a)(1); *see Semenov*, 2023 MSPB 16, ¶ 24 (instructing the administrative judge to hold a supplemental hearing addressing whether the agency's use of the substantial evidence standard in a 38 U.S.C. § 714 removal decision constituted harmful error). Regardless of his findings on the matters for which this appeal is being remanded, if any argument or evidence adduced on remand affects the administrative judge's prior analysis of any issue in this appeal, he should address such argument or evidence in the remand decision.